IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROMAN J. KOROPEY,
        Appellant,

v.                                            Civil Action No. 3:17-cv-530-JAG

PENN VIRGINIA CORPORATION,
        Appellee.

## OPINION

The *pro se* appellant, Roman Koropey, owned stock in the Penn Virginia Corporation prior to the company filing for Chapter 11 bankruptcy and restructuring its stock ownership. In the bankruptcy proceeding below, appellant Roman Koropey filed an adversary complaint in which he claimed that Penn Virginia defrauded its investors and asked the Bankruptcy Court to revoke its approval of the proposed Chapter 11 bankruptcy plan. The Bankruptcy Court dismissed Koropey's adversary proceeding, and Koropey has appealed. The Court affirms the Bankruptcy Court and dismisses the appeal because Koropey's adversary complaint fails to allege that Penn Virginia engaged in any fraud that warranting revocation of the Bankruptcy Court's approval order.

## I. BACKGROUND

On May 12, 2016, Penn Virginia and each of its debtor affiliates (collectively, "Penn Virginia") filed for Chapter 11 bankruptcy in the Bankruptcy Court for the Eastern District of Virginia. (Case No. 16-32390.) The Bankruptcy Court eventually confirmed a reorganization plan (the "Plan").

Under the Plan, Penn Virginia generated $50 million in cash, in part from a stock offering (the "Rights Offering"). Under the Plan, new "Backstop Parties" could purchase new common

stock at a set price of $3.18 per share. To encourage investment in the surviving entity, the Plan gave the Backstop Parties a "Commitment Premium" of additional shares. The Plan authorized an aggregate Commitment Premium of $3,000,000 to be paid to the Backstop Parties as new common stock based on the initial offering price. The stock purchase turned into a very profitable investment because when the Backstop Parties' shares began trading on the open market, the value of the new common stock skyrocketed to $42-$50 per share.

On February 7, 2017, Koropey filed an adversary complaint in the Bankruptcy Court (Case No. 17-03030, Appendix 000010A) to revoke the Confirmation Order pursuant to 11 U.S.C. § 1144. Penn Virginia moved to dismiss Koropey's complaint, which the Bankruptcy Court granted. In dismissing Koropey's complaint, the Bankruptcy Court found that Koropey failed to "identify any particular statement or act" constituting fraud by Penn Virginia, and therefore failed to sufficiently plead fraud under the heightened pleading standard of Federal Rule of Civil Procedure Rule 9 and Bankruptcy Rule 7009. (Appendix 000144A.) The Bankruptcy Court also found Koropey's complaint time barred.

On appeal, Koropey argues that Penn Virginia fraudulently misrepresented (1) the value of the common stock issued to the Backstop Parties and (2) the value of the Commitment Premium paid to the Backstop Parties. In essence, Koropey says Penn Virginia undervalued the stock in the Rights Offering. In support of his claims, Koropey points to the initial purchase price of $3.18 for stock that later traded on the open market for $42-$50 per share. He also says that the Backstop Parties should have received no more than $3,000,000 as a premium but received more because of the increase in the shares' value.

## II. STANDARD OF REVIEW

District courts have appellate jurisdiction to hear bankruptcy appeals. *See* 28 U.S.C. § 158(a) (granting the district courts jurisdiction to hear appeals "from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."). "On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*." *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017).

## III. DISCUSSION[1]

As noted above, the Bankruptcy Court decided this case by granting Penn Virginia's motion to dismiss. The Bankruptcy Court's procedures adopt the pleading standard from the Federal Rules of Civil Procedure. Fed. R. Bank. P. 7012. A motion to dismiss gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to

---

[1] The Bankruptcy Court found Koropey's adversary complaint untimely because he filed his complaint on the 180th day after entry of the Confirmation Order. *See* 11 U.S.C. § 1144 (stating that a party may seek revocation of a confirmation order that was procured by fraud if the complaint is filed "at any time before 180 days after the date of the entry of the confirmation order"). The law remains unclear as to whether § 1144 requires an adversary complaint within 179 or 180 days after entry of the Confirmation Order. Courts outside of the Fourth Circuit have interpreted the statute as requiring a complaint within 179 days. *See In re Amber Hotel Corp.*, 2015 WL 5104678, No. CV 14–9254-FMO (C.D. Ca. Aug. 31, 2015). The Court need not decide this unsettled issue here. Regardless of the timeliness of his action, Koropey's complaint does not satisfy the pleading standards.

dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The Court liberally construes *pro se* plaintiffs' complaints. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). This principle of liberal construction, however, has its limits. *Id.* at 1276; *see Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) ("In interpreting a *pro se* complaint, the court's task is not to discern the unexpressed intent of a plaintiff, but what the words in the complaint mean.").

Pursuant to 11 U.S. Code § 1144, an interested party can move to revoke a bankruptcy court's prior order confirming a Chapter 11 reorganization if the debtor procured the order by fraud. Under Federal Rule of Civil Procedure Rule 9 and Federal Rule of Bankruptcy Procedure Bankruptcy Rule 7009, a party alleging fraud must "state with particularity the circumstances constituting fraud. . . ." At a minimum, these "circumstances" must include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Owens v. First Kuwaiti Gen'l Trading & Contracting Co.*, 612 F.3d 724, 731 (4th Cir. 2010). A plaintiff may plead fraudulent intent generally. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

In this case, Koropey failed to plead sufficient facts demonstrating that either the value of the Backstop Parties' shares or the value of the Commitment Premium was procured by fraud. Koropey merely points to the rise the stock price and claims that because the price increased, Penn Virginia must have fraudulently created the $3.18 price. He does not point either to any

potential fraud in the process by which the debtors determined the initial offering price or any facts to show that they intended to come to a deflated price. He also does not allege anything showing that the $3.18 price was too low based on the facts known at the time. Finally, he does not show any way in which Penn Virginia could gain from generating less capital than they could have by selling the stock at a higher price. As the Bankruptcy Court properly noted, Koropey's argument rests on the fallacy that a temporal relationship proves a causal relationship. This tenuous claim falls far short of the heightened pleading standard for fraud, and Koropey does not sufficiently allege that the Penn Virginia misrepresented the value of the shares as they relate to the Rights Offering or the Commitment Premium. For these reasons, the Bankruptcy Court did not err when it dismissed Koropey's adversary complaint.

## IV. CONCLUSION

For these reasons, the Court affirms the Bankruptcy Court's dismissal of Koropey's adversary complaint and dismisses this appeal.

An appropriate Order will follow.

Let the Clerk send a copy of this Opinion to all counsel of record, and to the *pro se* appellant via U.S. mail.

Date: March 15, 2018
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge